

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**ENTERED**
**03/08/2013**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 10-30968** |
| **TITUS CHINEDU OPARAJI** | § | **CHAPTER 13** |
| | § | |
| Debtor(s). | § | **JUDGE ISGUR** |
| | § | |
| | § | |
| **TITUS CHINEDU OPARAJI** | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| vs. | § | **ADVERSARY NO. 10-03231** |
| | § | |
| **WELLS FARGO BANK, N.A.; fdba** | § | |
| **SERVICING AGENT FOR DEUTSCHE** | § | |
| **BANK NATIONAL TRUST,** *et al* | § | |
| | § | |
| Defendant(s). | § | |

## <u>MEMORANDUM OPINION</u>

Wells Fargo Bank is granted summary judgment on the issue of equitable estoppel. Wells Fargo is denied summary judgment on the issue of attorney's fees, as a matter of law. A final judgment will be issued.

### Background

On July 31, 2002, Titus Oparaji executed a Balloon Note and Deed of Trust in favor of Wells Fargo Home Mortgage, Inc. ("Wells Fargo") for the purchase of a home in Sugar Land, Texas (the "Property"). ECF No. 72 at 3. On September 2, 2004, Mr. Oparaji filed a chapter 13 bankruptcy petition, Case No. 04-42461 ("First Bankruptcy Case"). ECF No. 1 at 2. The Plan in the First Bankruptcy Case was confirmed on December 22, 2004. ECF No. 1 at 3.

On March 3, 2005, Wells Fargo filed a motion for relief from the automatic stay. ECF No. 1 at 3. An order conditioning the automatic stay was entered on May 13, 2005.

ECF No. 1 at 3.  The automatic stay was conditioned on the filing of a proposed amended plan that would cure the post petition arrearage and maintain ongoing monthly mortgage payments to Wells Fargo.  ECF No. 1 at 3.

In the First Bankruptcy Case, Wells Fargo amended its proof of claim several times.  The amount of arrears claimed by Wells Fargo in these amendments ranged from $6,384.26 to $18,944.40.  *See generally* Claims Register in Case No. 04-42461.  On September 1, 2009, Wells Fargo issued a notice of default alleging post-petition arrears of $33,289.91 and demanded that the arrears be cured within ten days.  ECF No. 1 at 4.  Debtor was unable to cure within the ten day time period and on September 18, 2009, Wells Fargo issued a Notice of Termination of Automatic Stay Due to Failure to Cure Default.  ECF No. 1 at 5.

On October 5, 2009, the Trustee filed a motion to dismiss the First Bankruptcy Case, alleging that (i) the 60-month statutory maximum time for a plan had been exceeded; and (ii) the Debtor had payment arrearages of $7,809.18.  ECF No. 1 at 5.  The First Bankruptcy Case was dismissed on November 12, 2009.  ECF No. 1 at 5.

On February 1, 2010, Mr. Oparaji filed the present chapter 13 case ("Current Case").  ECF No. 1 at 5.  Wells Fargo's claim in the Current Case includes $86,003.25 in arrearages.  ECF No 32 at 3.  Mr. Oparaji filed this adversary proceeding on May 21, 2010 due to the discrepancy in arrears between the First Bankruptcy Case and the Current Case.

Mr. Oparaji's Complaint sought a declaratory judgment (i) disallowing Wells Fargo's proof of claim based on the theories of judicial and equitable estoppel; and, (ii) establishing the amount of the debt owed to Wells Fargo.  ECF No. 1 at 6, 8.  He further sought a money judgment awarding his attorneys fees and costs and sanctioning Wells Fargo for filing inconsistent and false claims.  ECF No. 1 at 8.

Wells Fargo filed its response on June 22, 2010.  ECF No. 14.  Wells Fargo moved for partial summary judgment on September 29, 2010.  ECF No. 24.  Mr. Oparaji filed his Motion for Partial Summary Judgment on November 1, 2020.  ECF No. 25.  Responses to the motions were submitted by both parties on November 15, 2010.  ECF Nos. 27 & 28.

On December 28, 2010, this Court issued a Memorandum Opinion granting partial summary judgment in favor of Mr. Oparaji, finding that Wells Fargo was judicially estopped from asserting charges that could have been, but were not, included in its proof of claim in the First Bankruptcy Case.  ECF No. 32.  The Court found the issue of equitable estoppel to be moot in light of its finding of judicial estoppel.  ECF No. 32 at 12.

The Court granted Wells Fargo leave to appeal the interlocutory partial summary judgment order on March 24, 2011.  ECF No. 58.  The District Court affirmed on September 29, 2011.  ECF No. 67.  The Fifth Circuit reversed and remanded on October 5, 2012.  ECF No. 72. The Fifth Circuit held that Wells Fargo did not assert legally inconsistent positions when it filed a proof of claim in the Current Case that included amounts that could have been, but were not, included in its proof of claim in the First Bankruptcy Case.  ECF No. 72 at 11.  Therefore, Wells Fargo was not judicially estopped from asserting a different amount in its proof of claim in the Current Case.  ECF No. 72 at 11.

On January 14, 2013, Mr. Oparaji moved for the Court to reconsider its order denying his Motion for Partial Summary Judgment as to the question of equitable estoppel.  ECF No. 78. Wells Fargo also filed its Second Motion for Summary Judgment on January 14, 2013. ECF No. 79.  Wells Fargo moved for summary judgment on the question of equitable estoppel and requested attorneys fees and costs.  ECF No. 79.  Both parties filed responses on January 28, 2013.  ECF Nos. 80 & 81.

At the hearing on December 12, 2012, Mr. Oparaji requested that the Court reconsider his request for sanctions against Wells Fargo for filing inconsistent and false claims.  The Court informed the parties that in light of the Fifth Circuit's decision, it would not reconsider the award of sanctions because the Fifth Circuit had explicitly held that Wells Fargo's conduct was permissible.

The issues remaining are:

(1)     Whether Wells Fargo is equitably estopped from asserting the claims that could have been, but were not, included in its proofs of claim in the First Bankruptcy.

(2)     Whether Wells Fargo should be awarded its attorney's fees.

### Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment must demonstrate:  (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006).  A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court views the facts and evidence in the light most favorable to the non-moving party at all times.  *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009).  Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence.  *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the

record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.[1]  Fed. R. Civ. P. 56(c)(1).  The Court need consider only the cited materials, but it may consider other materials in the record.  Fed. R. Civ. P. 56(c)(3).  The Court should not weigh the evidence.  A credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).  However, a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.  Fed. R. Civ. P. 56(c)(2).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008).  The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial.  *Malacara*, 353 F.3d at 403.  Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact.  *Sossamon*, 560 F.3d at 326.  The non-moving party must cite to specific evidence demonstrating a genuine dispute.  Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986).  The non-moving party must also "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004).  Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

---

[1] If a party fails to support an assertion or to address another party's assertion as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if, taking the undisputed facts into account, the movant is entitled to it; or (4) issue any other appropriate order.  Fed. R. Civ. P. 56(e).

If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412. Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex*, 477 U.S. at 324. The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

**Analysis**

**A.    *Equitable Estoppel***

To support an equitable estoppel claim a party must show, "(1) a false representation or concealment of material facts made with knowledge (actual or constructive) of those facts, (2) with intention that it should be acted on, (3) to a party without knowledge, or means of knowledge of those facts, (4) who detrimentally relied upon those representations." *In re Perry*, 425 B.R. 323, 375 (Bankr. S.D. Tex. 2010). Equitable estoppel is generally an affirmative defense and not an affirmative claim for relief. *Knapik v. BAC Home Loans Servicing, LP*, 825 F.Supp.2d 869.

Wells Fargo argues that because equitable estoppel can only be raised as an affirmative defense, Wells Fargo raises no defense that the doctrine is designed to impede. ECF No. 79 at 7. However the doctrine of equitable estoppel can be used as an affirmative defense to Wells Fargo's proof of claim. Therefore Mr. Oparaji can attempt to assert the defense of equitable estoppel.

However, in light of the Fifth Circuit's holding, Mr. Oparaji cannot show a false representation or concealment of material facts. The Fifth Circuit held that there was no

requirement that Wells Fargo seek the full amount to which it was entitled each time it amended its claim.   ECF No. 72 at 9.   The Fifth Circuit found that Wells Fargo was neither legally required nor obligated upon choosing to file such a claim, or to disclose all amounts owing to it.[2] ECF No. 72 at 9   In light of the Fifth Circuit's holding, Wells Fargo's failure to disclose all claims in the First Bankruptcy cannot be characterized as a false representation or concealment of material facts.

The Court will not address the other equitable estoppel factors in light of these findings.

Based on the foregoing, Mr. Oparaji cannot sustain an equitable estoppel defense to Wells Fargo's proof of claim and summary judgment must be granted for Wells Fargo.

**B.    *Attorney's Fees***

Wells Fargo asserts that the Fifth Circuit ordered Mr. Oparaji to pay its attorneys fees and costs associated with the appeal.   ECF No. 79 at 10.   Wells Fargo provides counsel's sworn affidavit to support its request for $50,000.00 in attorney's fees and $3,927.92 in expenses associated with the District Court and Fifth Circuit appeal.   ECF No. 79 at 10.   Wells Fargo relies on the Fifth Circuit's Final Judgment, attached to their Motion as Exhibit B, for award of the fees.   ECF No. 79 at 10.   The Final Judgment provides that "appellee pay to appellant the costs on appeal to be taxed by the Clerk of this Court."   ECF No. 79-2.   Such costs are governed by Federal Rule of Appellate Procedure 39 and do not include attorney's fees.   *See Sciambra v. Graham News*, 892 F.2d 411, 414 (5th Cir.1990).

Wells Fargo is also not entitled to recover its $3,927.92 in expenses for failure to file an itemized bill of costs with the clerk of the Fifth Circuit within fourteen days after entry of the Final Judgment.   *See Religious Tech. Ctr. v. Liebreich*, 98 Fed.Appx. 979, 987 (5th Cir. 2004).

---

[2]   The Fifth Circuit's opinion does not include consideration of the effect of Fed. R. Bankr. P. 3002.1, a rule not in effect during the First Bankruptcy Case.

Wells Fargo also argues that it is entitled to all its reasonable attorney's fees and costs incurred in defending the litigation in this Court.  ECF No. 79 at 10.  Wells Fargo asserts that such fees total $100,000.00 and such costs total $6,516.91.  ECF No. 79 at 12.

Wells Fargo asserts that Section 9 of the Deed of Trust provides that the Lender is entitled to collect all expenses incurred in pursuing remedies provided in the Deed of Trust, including but not limited to, reasonable attorney's fees and costs.  ECF No. 79 at 10.  However, 11 U.S.C. § 506(b) precludes recovery under Section 9 of the Deed of the Trust because Wells Fargo's claim is undersecured.  Accordingly, Wells Fargo cannot recover its attorney's fees incurred in defending the litigation in this Court.

### Conclusion

The Court will enter a judgment consistent with this Memorandum Opinion.  The status conference set for March 12, 2013 is canceled.

SIGNED **March 8, 2013.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE